## Anderson *et al. v.* Carlisle & White.

The court has control over its process and officers, and may, on motion, without the in-
tervention of a jury, hear proof, and set aside the sheriff's return of an execution.
It is discretionary with the court whether it will empannel a jury to determine
whether an execution has been satisfied.

Where depreciated bank notes and an account against the sheriff were received by
him in payment of an execution, and the same returned *satisfied,* the defendant at
the time knowing that such bank currency had been refused by the plaintiff,
the court, on motion, held the return false and fraudulent, set the same aside, and
awarded an alias execution.

IN ERROR from the circuit court of the county of Claiborne.

Carlisle & White, the defendants in error, entered two motions
in the court below to quash, vacate, and set aside the return of
satisfaction upon the executions in said cases, for the following
reasons:

1. Because the return was untrue in fact.

2. Because the return was indorsed on the writs in August,
1840, after said writs of execution became *functus officio,* and
had been returned to the clerk's office, and were wrongfully dated
back as of February 6, 1840.

3. Because no money was in fact paid to the sheriff by said de-
fendants, here plaintiffs in error, on said executions.

4. Because said returns are fraudulent and false, and were
made by collusion with the defendants in execution, and without
any actual satisfaction made by defendants in execution to the said
sheriff.

Upon the calling of the motions, the plaintiffs in error appeared
and denied the truth of the facts charged therein, and moved the
court for leave to make up an issue thereon, and demanded that a

jury should be impannelled to try the same, all which was refused by the court.

The plaintiffs in error then objected to the court's entertaining said motions,

1st. Because the return of the sheriff upon said execution that the same were satisfied, was conclusive upon the parties to the executions, and the truth thereof cannot be contested upon a motion to which the sheriff is not a party.

2d. Because even if the return made by the sheriff upon said executions should be proven to be false, the party injured is restricted to his statutory motion against the sheriff and his sureties, or to his common law action against the sheriff for a false return; which objections were overruled by the court, who then proceeded to hear the testimony, which was as follows:

Henry J. Ellett, Esq., stated, that before the commencement of the suit, H. O. Anderson had notice that Carlisle & White would receive nothing but specie or its equivalent in satisfaction of their claim; that this notice was communicated to Anderson by himself; that between the 14th and 20th of February, he inquired of Bland, the sheriff in whose hands the executions were, whether they had been paid, and was answered by the sheriff that they had not; that he then gave the said sheriff a written notice that nothing but specie or its *equivalent* would be received in satisfaction of said executions; that he then saw Horace Anderson, and inquired of him if the executions had been paid, and was answered in the negative; that he then informed said Anderson that he was authorized to receive cotton in payment, at New Orleans prices; that Anderson offered to pay him in cotton at Mississippi prices, to which he refused to accede; that said Anderson refused to give him cotton at New Orleans prices, and said he would rather take his chance of getting along with the sheriff, and that he would not pay good money if he could help it; that he then informed the said Anderson of the instructions he had given to the sheriff, and that nothing but specie would be received; that the executions were not returned to the May term, 1840, but that on the 28th of August, 1840, he found the executions in the sheriff's office, and was informed by the deputy sheriff that they ought to have been returned satisfied, and that the deputy entered the re-

35*

turn of satisfaction upon them; that at the same time he saw in the sheriff's office an account current between the sheriff and the Andersons, in which the sheriff was charged with executions in his hands in favor of the Andersons, amounting to $3,404 58, with various orders drawn on him in favor of the Andersons, amounting to $2,446 41, and with merchandise accounts against the sheriff and two of his deputies, amounting to $351 89; and the sheriff was credited with various executions in his hands against the Andersons, amongst which were the executions in favor of Carlisle & White, and a balance struck, showing about $650 due to the sheriff.

Mr. Ellett further stated, that about March 6, 1840, he was authorized by defendants in error to receive Mississippi money in payment of the executions, provided the Andersons would pay it to him, and not to the sheriff; that he informed the Andersons of it, who declined paying it; that this authority was given to him for the purpose of keeping the money out of the sheriff's hands, he being then insolvent. The letter of Carlisle & White to Mr. Ellett accompanied his statement, and authorized him to receive from the sheriff, in case he shall have returned the executions satisfied, such funds as he is disposed to pay over, and refers to Union Bank notes as constituting the supposed standard of currency, and urged him, if the executions were returned not satisfied, not to place them again in the sheriff's hands.

M. O. Hopkins stated, that he was deputy sheriff for R. J. Bland, and kept his books in 1839 and 1840; that he recollected having seen the account current between the Andersons and the sheriff, and that the purport of it was this: that the sheriff had in his hands executions against the Andersons amounting to $6,856 18, among which were the two executions against H. & H. O. Anderson, Mitchell & Jorrey, and against Horace Anderson, Hiram O. Anderson and H. E. Metcalf; that the last named execution issued upon a judgment rendered against Anderson, Tunstall & Co., as indorsers of the note upon which the first named judgment was rendered, so that a satisfaction of one would have been a satisfaction of both, except as to costs ; that the sheriff also had in his hands executions in favor of the Andersons against different individuals, on which he had collected the money ; that he had also

Anderson *et al. v.* Carlisle & White. ·

accepted orders drawn upon him in favor of the Andersons by plaintiffs in executions, on which he had collected the money; that a portion of the money then in said sheriff's hands belonging to the Andersons had been made by sales under these executions; that most of it was collected in Union Bank notes; that a portion of this money was collected by the sheriff in November, 1839, and that until some time after February 1840, the sheriff was in the habit of receiving Union money in preference to any other Mississippi money, considering it the best; that from February to May term, the only money received in the sheriff's office on executions was Union money, which was not equivalent to specie; that the sheriff was directed by the Andersons to apply the money thus collected by him for them to the payment of the executions in favor of Carlisle and White against them, and to others in his hands, and that he did so apply the money; that on the 6th day of February 1840, the sheriff gave to the Andersons a receipt for six thousand two hundred and thirty-six dollars, on account of executions then in his hands against them, which sum was then in his hands belonging to them derived from the aforesaid sources; that at that time the sums receipted for fell short some six hundred and fifty dollars, of satisfying all the executions in his hands against the Andersons, but that the balance was paid to him by the Andersons before the return day of the executions; that the executions in favor of Carlisle and White, were amongst the oldest in the sheriffs' hands against the Andersons, and that had they failed to pay the whole amount of the executions in his hands against them, he would have been bound to apply what was paid in satisfaction of those executions first which had seniority, and that previous to February 6th, 1840, the sheriff had in his hands more than enough to satisfy the executions of Carlisle and White; that the executions were not returned to the May term of the Claiborne circuit court, and that in the succeeding August, when at the request of Mr. Ellett, he looked for and found them, in view of the preceding facts, he stated to Mr. Ellett that they ought to be returned satisfied, and accordingly made the indorsement of satisfaction upon them, as of the date when the sheriff had receipted to the Andersons for six thousand two hundred and thirty-six dollars; that at no time would the sheriff have paid

over to the Andersons any part of the money collected by him for them, as it was fully understood that as fast as collected, it was to be applied to the payment of the executions against them; that some short time before the May term, 1840, he as the deputy of sheriff Bland, made a settlement with the Andersons, at which time they settled the balance due by them on said executions, and he then tore off the name of sheriff Bland from the receipt given to the Andersons February 6th, 1840, and gave them himself a receipt in full for the aforesaid executions; that the store accounts of the Andersons against the said sheriff and his two deputies amounting to three hundred and fifty-seven dollars eighty-nine cents, were included in said settlement, and that the costs to which the sheriff was entitled in said cases amounted to more than that sum.

Upon the foregoing testimony, the court quashed the return of satisfaction upon said executions, and awarded to the defendants in error writs of *fi. fa. de novo.*

To the proceedings and judgment of the court, the plaintiffs in error excepted, and now prosecute their writ of error.

THRASHER & COLEMAN for plaintiff in error.

ELLET *contra.*

*Per Curiam.*

We consider that the principles involved and questions raised in this case have been well settled.

1. That the court, on motion, without the intervention of a jury, may set aside the return of a sheriff made on an execution; that the court has control over its own process, and over its own officers, and will on motion, and by the means of affidavits and otherwise, inquire into, set aside and correct their conduct, according to the right of the case. Planters' Bank *v.* Scott, 5 Howard, 249; Tutt's Adm'r *v.* Fulgham *et al. Ib.* 621.

2. That the court did not err in setting aside the return of the sheriff on the executions that they were "satisfied," on the ground that they were false and fraudulent, and that no satisfaction had

Anderson *et al. v.* Carlisle & White.

in fact been made, and that the returns were not made in proper time.   Lewis *v.* Garrett, 5 Howard, 454; *Ib.* 419.

The defendants below demanded a trial of the subject matter of the motion by jury, which the court refused.   The court might have directed an issue, if it had deemed it necessary and proper; but this was discretionary in the court, and may be refused or granted.   5 Howard, 424.

We have examined carefully the testimony in the case, as given to the court below, and are satisfied that the court did right in setting aside the sheriff's return.

Judgment affirmed.